IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHWESTERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| YESSIKA GONZALEZ | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:14-CV-00153 |
| | § | |
| KENNETH PRATER, SWIFT | § | |
| TRANSPORTATION SERVICES, LLC | § | |
| AND SWIFT LEASING CO., INC. | § | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made and entered into this the 27th day of April, 2015, by and between **Yessika Gonzalez** and all of her agents, successors, and assigns (referred to as "Plaintiff") and **Kenneth Prater, Swift Transportation Services, LLC and Swift Leasing Co., Inc., and Swift Transportation Co. of Arizona, LLC,** and all their past and present owners, officers, directors, stockholders, servants, subsidiaries, parent companies, divisions, agents, employers, employees, insurers, attorneys, successors and assigns, and all other persons, firms, or corporations with whom **Kenneth Prater, Swift Transportation Services, LLC and Swift Leasing Co., Inc., and Swift Transportation Co. of Arizona, LLC,** have been, are now, or may hereafter be affiliated or associated (collectively referred to as the "Released Parties").

WHEREAS, various differences, claims and disputes have arisen between Plaintiff and the Released Parties; and

WHEREAS, **Yessika Gonzalez** commenced an action against **Kenneth Prater, Swift Transportation Services, LLC and Swift Leasing Co., Inc.** styled Civil Action No.: 5-14-CV-

1

00153; *In the United States District Court for the Southeastern District of Texas, Laredo Division* (called the "LAWSUIT"); and

WHEREAS, **Released Parties** expressly deny any fault or liability of any kind; and

WHEREAS, the parties to this Settlement Agreement and Release wish to settle and dispose amicably of all claims which the parties may have or claim to have against the other arising out of any relationship, transaction or dealing between them specifically including, but not limited to, the LAWSUIT and the events described in the LAWSUIT.

NOW, THEREFORE, in consideration of the premises, the parties hereto agree as follows:

1. **Yessika Gonzalez** shall receive from, or on behalf of the **Released Parties,** the total sum of Sixty-six Thousand and No/100 Dollars ($66,000.00) which she agrees and acknowledges is sufficient consideration to be paid.

2. **Yessika Gonzalez** shall cause the LAWSUIT to be dismissed with prejudice by filing with the Court, an Agreed Motion for Dismissal With Prejudice and Agreed Order of Dismissal with Prejudice in the forms substantially similar to those attached as Exhibits "A" and "B".

3. Save and except for the undertakings of the parties as set forth in this Settlement Agreement and Release, **Yessika Gonzalez** for herself and for her agents, attorneys, heirs, executors, administrators, successors and assigns, hereby RELEASES, ACQUITS and forever DISCHARGES the **Released Parties** of and from any and all personal and property damage claims, actions, causes of action, liabilities, demands, rights, damages, costs, expenses, bills, rental car expenses, contracts, controversies and promises of every kind and description, whether at law or in equity, known or unknown, which **Yessika Gonzalez** now has and which

her agents, attorneys, heirs, executors, administrators, successors and assigns, hereafter can, shall or may have arising out of any matter, cause or thing, including, without limiting the generality of the foregoing, any liability, claim, actions or causes of action, by reason of, or arising out of, the allegations contained in or the subject matter of the LAWSUIT, or any allegations or claims that could have been asserted in the LAWSUIT.

4. It is understood and agreed that the cash consideration paid to **Yessika Gonzalez** as set forth above shall satisfy and extinguish any and all personal and property damage claims, demands, actions or causes of action by **Yessika Gonzalez** of whatever nature and character related to or arising out of the subject matter of the LAWSUIT, including, without limitation, all claims for actual, special, consequential, exemplary or punitive damages, legal fees and expenses, court costs, and all other costs, expenses and damages, and claims for any breach of any common law, contractual, quasi-contractual, or statutory duty owed by **the Released Parties.**

5  **Yessika Gonzalez** expressly warrants that she understands that the cash consideration described above is all of the money she will ever receive from or on behalf of the **Released Parties,** and also expressly warrants that she understands that the injuries complained of and made the basis of the LAWSUIT may be permanent and/or progressive and/or may manifest themselves in the future, and that even if a future medical condition exists, whether known or unknown, she will not be allowed to pursue any other action relating in any way to the subject matter of the LAWSUIT. **Yessika Gonzalez** further expressly warrants and represents that no promise or agreement that is not herein expressed has been made to her in executing this Release, and that she is not relying on any statement or representation of any agent of the parties being released hereby. **Yessika Gonzalez** is relying on her own judgment and she has been

represented by legal counsel throughout this matter.  **Yessika Gonzalez** acknowledges that she has read and has had the entire contents of this Settlement Agreement and Release explained to her in full and she has had the opportunity to discuss it with all advisors of her choice.

6. This Settlement Agreement and Release is in compromise and settlement of disputed claims and is not and shall not be construed as an admission of liability by the **Released Parties** who deny any liability and intend merely to avoid the expenses of further litigation and to buy peace.

7. In consideration of the payment referenced in paragraph numbered one ("1.") of this settlement agreement and release, **Yessika Gonzalez** hereby assigns to **Kenneth Prater, Swift Transportation Services, LLC and Swift Leasing Co., Inc., and Swift Transportation Co. of Arizona, LLC,** all her rights, demands, liens, causes of action and/or claims arising out of, resulting from, or in any manner related to the subject matter of the LAWSUIT, or any other matter or allegation that was or could have been made a basis of any claims that were or could have been asserted in the LAWSUIT.  The claims assigned to the include without limitation all claims for actual, special, consequential, exemplary or punitive damages, legal fees and expenses, court costs, and all other costs, expenses and damages, and claims for any breach of any common law, contractual, quasi-contractual, or statutory duty owed by the **Released Parties.**

8. **Yessika Gonzalez** expressly warrants and represents that she has not previously assigned, pledged, or in any other manner whatsoever sold or transferred, either by instrument in writing or otherwise, any of the rights, demands, liens, causes of action and/or claims that are released or assigned herein, except as to counsel who prosecuted the claims described in the LAWSUIT.

9. **Yessika Gonzalez** expressly warrants and stipulates that she has no cause of action or claims against the **Released Parties** except for those claims that have been or could have been asserted in the LAWSUIT, and/or which are released herein. **Yessika Gonzalez** further warrants and stipulates that there are no facts now in existence which could form the basis of any new or additional causes of action or claims by **Yessika Gonzalez** against the **Released Parties**

10. **Yessika Gonzalez** DOES HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS THE **RELEASED PARTIES** AGAINST ANY AND ALL PERSONAL AND PROPERTY DAMAGE CLAIMS, DEMANDS, OR CAUSES OF ACTION, INCLUDING, WITHOUT LIMITATION, CLAIMS FOR MEDICAL EXPENSES, LIENS OF ANY TYPE (INCLUDING MEDICARE AND, IF APPLICABLE, MEDICAID), SUBROGATION, CONSORTIUM AND/OR CONTRIBUTION OR INDEMNITY BROUGHT OR THAT COULD EVER BE BROUGHT BY, THROUGH, OR UNDER HER, INCLUDING THE REASONABLE AND NECESSARY COSTS AND ATTORNEY'S FEES INCURRED IN DEFENSE OF ANY SUCH CLAIM, THAT ANY OTHER INDIVIDUAL HAS OR MAY HAVE ARISING OUT OF, RESULTING FROM, OR RELATING TO THE FACTS, ALLEGATIONS OR SUBJECT MATTER OF THE LAWSUIT, INCLUDING ANY EXPRESS, ACTUAL, OR ALLEGED NEGLIGENCE OF THE **RELEASED PARTIES**. PLAINTIFF FURTHER UNDERSTANDS AND AGREES THAT SHE IS ENTIRELY RESPONSIBLE FOR PAYING AND/OR RECONCILING ANY AND ALL MEDICAL EXPENSES OR LIENS (INCLUDING MEDICARE AND MEDICAID) OF ANY TYPE ARISING FROM THE INCIDENT DESCRIBED IN THE LAWSUIT.

11. **Yessika Gonzalez** agrees that the terms of this Settlement Agreement and

Release, specifically including the amount of consideration, shall be kept confidential by **Yessika Gonzalez** and shall not be disclosed by **Yessika Gonzalez** and her attorneys to any third party except as (a) required by law or regulation; (b) ordered by a Court of competent jurisdiction; (c) disclosed to the attorneys, insurers, and medical lien holders of **Yessika Gonzalez** or (d) disclosed to tax advisors or financial managers as may be needed to obtain such services. This Settlement Agreement and Release may be used as evidence in any subsequent proceeding alleging a breach of this Settlement Agreement and Release.

12. **Yessika Gonzalez** warrants that she has read this Settlement Agreement and Release or has had this Settlement Agreement and Release interpreted and read to her and acknowledges and fully understands it to be a compromise and settlement and release of all claims known or unknown, present or future, that she has or may have against the **Released Parties** and warrants that she is of legal age and legally competent to execute this Settlement Agreement and Release, and that she is doing so of her own free will and accord without reliance on any representation of any kind or character not expressly set forth herein.

13. **Yessika Gonzalez** shall execute any and all other documents and shall perform any and all other acts in addition to the documents or acts herein expressly agreed to be executed or performed which may be required or necessary in order to carry out and effectuate the purposes and provisions of this Settlement Agreement and Release.

14. **Yessika Gonzalez** warrants that the settlement proceeds are not subject to the Medicare Secondary Payer Statute. Further, **Yessika Gonzalez** warrants and represents that she (1) is not age 65 or older; (2) does not have a current Medicare Health Insurance Claim Number (HICN); (3) does not have a history of permanent End Stage Renal Disease; or (4) does not have a reasonable expectation of Medicare entitlement within the next 30 months. A

reasonable expectation of Medicare entitlement means that a person currently: (a) is 62.5 years of age or older; (b) is currently receiving Social Security Disability Benefits (SSD); (c) has applied for SSD benefits; (d) was denied SSD benefits but anticipates appealing that decision; or (e) has end stage renal disease.

15. This Settlement Agreement and Release constitutes the entire agreement between the parties regarding the subject matter and may be amended only in writing signed by all parties. Any prior agreements, writings, understandings, or other arrangements between the parties regarding the subject matter are rendered null and void.

16. Once the cash consideration provided for in this Release has been paid according to the terms of the Release and a qualified assignment has been effected then the **Released Parties** will have fully performed all conditions precedent to be performed by them and they need not sign this Settlement Agreement and Release or perform any other act for this Settlement Agreement and Release to be fully binding on **Yessika Gonzalez** and her attorneys, agents, heirs, executors, administrators, successors and assigns.

_____
Yessika Gonzalez

I certify that I have explained the terms of this Release to Yessika Gonzalez and I have recommended that she sign it. I also represent and certify that no other attorney has any interest in this case or I certify that any other attorney with any interest in this case will be paid his/her attorney's fees from the settlement funds. I also confirm that all medical providers who treated Yessika Gonzalez for injuries made the basis of this lawsuit have been or will be paid to resolve any outstanding medical expenses. Additionally, I have verified that the settlement proceeds are not subject to the Medicare Secondary Payer Statute or verify that any Medicare lien will be resolved.

_____
David M. Anderson

THE STATE OF TEXAS     §
                       §
COUNTY OF Webb         §

On the 13 day of May, 2015, personally appeared before me, Yessika Gonzalez, who, having been duly sworn, stated and acknowledged to me that she executed the foregoing instrument for the purposes and consideration expressed therein.

*Guadalupe Salinas*
Notary Public, State of Texas
My commission expires: 1/15/18

> GUADALUPE SALINAS
> Notary Public, State of Texas
> My Commission Expires
> January 15, 2018